Approved: _____  ORIGINAL
MATHEW S. ANDREWS
Assistant United States Attorney

Before:  THE HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

-------------------------------- X
                                 :
UNITED STATES OF AMERICA         : SEALED COMPLAINT
                                 :
     - v. -                      : Violations of 18 U.S.C.
                                 : §§ 2252A(a)(2)(B), (a)(5)(B),
GIOVANNI TASSONE,                : (b)(1), (b)(2), and 2
                                 :
              Defendant.         :   19m 1983
                                 :
                                 : COUNTY OF OFFENSE:
-------------------------------- X   WESTCHESTER

SOUTHERN DISTRICT OF NEW YORK, ss.:

   MARTIN F. GRIFF, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI") and charges as follows:

COUNT ONE
(Possession of Child Pornography)

   1.  From at least in or about July 2018, up to and including at least on or about August 4, 2018, in the Southern District of New York and elsewhere, GIOVANNI TASSONE, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TASSONE possessed images of child pornography, including images of prepubescent minors, in his residence in Mamaroneck, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2.)

COUNT TWO
(Receipt and Distribution of Child Pornography)

2.   From at least in or about July 2018, up to and including at least on or about October 4, 2018, in the Southern District of New York and elsewhere, GIOVANNI TASSONE, the defendant, knowingly did receive and distribute and attempt to receive and distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TASSONE used a computer to receive and distribute videos and images containing child pornography over the Internet in his residence in Mamaroneck, , New York.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1) and 2.)

The bases for my knowledge and for the foregoing charges are as follows:

3.   I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Resident Agent in Charge office at Newburgh, New York. I have been so employed by HSI since 2003. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received formal training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256).

4.   I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, my training and experience, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography.  Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part,

2

except where otherwise indicated.

## Definitions

5. The following terms have the indicated meaning in this Complaint:

    a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

    b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

## Overview of Peer to Peer ("P2P") File-Sharing Network

6. From my experience as a Special Agent with HSI, including my participation in prior investigations relating to the sexual exploitation of children, my training, experience and advice received concerning the use of computers in criminal activity, and from my conversations with other law enforcement personnel, I have learned the following:

    a. P2P is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between users on that network. A user first obtains the P2P software, which can be downloaded from the Internet. In general, P2P software allows the user to set up files on a computer to be shared with others running compatible P2P software. A user obtains files by opening the P2P software on the user's computer and conducting searches for files that are currently being shared on another user's computer.

    b. The latest evolution of P2P software is a program that allows a user to set up his or her own private P2P network of contacts that the user approves. These approved contacts can then browse the list of files that the user has made available to download, select desired files from this list, and download the selected files. The downloading of a file occurs through a direct connection between the computer requesting the file and the computer containing the file. Similarly, users are able to browse the files that their contacts have made available and select certain files for download onto their computers. P2P software also often allows users to send direct messages to one

another.

        c.    A P2P file transfer is enabled by reference to each party's IP address. The IP address provides a unique location for each computer in the P2P network making it possible for data to be transferred between those computers without having to upload it onto a website or some other intermediary.

        d.    Files being shared on a P2P network are processed through client software. This results in assignment of a hashed algorithm value or "hash value" for each file being shared, which uniquely identifies that file on the network. A hash value for a file is often referred to as a "digital signature" and is akin to a fingerprint. P2P software uses these hash values to determine whether files hosted on different computers with different names are, in fact, the same file.

        e.    Third-party software is available to identify the IP address assigned to a computer sending a file on a P2P network. Such software monitors and logs Internet and local network traffic. One investigative method employed in this investigation involves using such investigative software (the "Investigative Software") to directly download files of child pornography from P2P network users. The Investigative Software is designed to "direct connect" to one IP address and browse or download from one specific P2P network user at a time.

### The Investigation

7.    From my involvement in this investigation and my review of documents, I have learned, among other things, that:

        a.    On or about July 31, 2018 and October 4, 2018, the Investigative Software located a computer using two particular IP addresses (the "IP Addresses") that were using the P2P network to make available files with hash values that match hash values known by law enforcement to be associated with files containing child pornography, and with file names that contained certain words generally known to be associated with child pornography images and videos.

        b.    Between on or about July 4, 2018 and on or about October 4, 2018 (the "Download Period"), the Investigative Software "direct connected" to the IP Addresses and displayed numerous files being hosted by the user of the IP Addresses. Using the Investigative Software, I downloaded approximately 88 video files from the computer at the IP Addresses. My review of

4

the files revealed that the downloaded files contain child pornography. Those files included the following:

       i.    "[pthc] Compilation - Best Of 2000-2011 (HD_ 02h00m)opva 2014 pthc center hires 10y 11y 12y 13y 14y lolita preteen kids pedo cumshot anal.mp4" - The video depicts several pre-pubescent girls with an erect penis inserted in their vagina and anus. The video also depicts pre-pubescent girls with an erect penis inserted in their mouth.

       ii.    "pthc - 2010 Tara 14Yr fuckd dad.mp4" - The video depicts a prepubescent girl with an erect penis in her mouth and an erect penis inserted in her vagina.

       iii.    "(Kleuterkutje) (Pthc) Dad & 7Yo Daugther - Suck & Fuck In Webcam.mpg" - The video depicts a pre-pubescent girl with a male inserting his penis in her vagina and the male inserting his erect penis in the girl's mouth.

8. Based on my review of publicly-available records, the IP Addresses were registered to the Internet service provider Verizon during the Download Period.

9. Based on my review of records obtained from Verizon, the IP Addresses were assigned during the Download Period to a subscriber account listed in the name of GIOVANNI TASSONE, the defendant, at a certain physical address in Mamaroneck, New York (the "Mamaroneck Address").

10. Based on my review of New York State Department of Motor Vehicles records, TASSONE resides at the Mamaroneck Address.

11. On or about December 12, 2018, I and other law enforcement agents executed a court-authorized search warrant (the "Search Warrant") at the Mamaroneck Address. The Search Warrant authorized the search and seizure of, among other things, any computers, tablets, and cassettes found at the Mamaroneck Address. Based on my participation in the Search Warrant's execution, I have learned the following:

    a.    The Mamaroneck Address is a 2-story home.

    b.    GIOVANNI TASSONE, the defendant, was present at the Mamaroneck Address when agents arrived to execute the Search Warrant. After the agents advised TASSONE that the investigation related to child pornography, TASSONE stated, in substance and in part, that:

          i. TASSONE resides at the Mamaroneck Address with his brother.

          ii. The two brothers have separate internet services. TASSONE has a Verizon account for internet services. TASSONE's brother uses a cable vision account.

          iii. No one has access to TASSONE's computers and his internet service is locked.

          iv. TASSONE has looked at child pornography through a P2P File-Sharing Network. TASSONE's definition of child pornography is someone under 17 years of age performing sexual acts.

          v. TASSONE has looked at child pornography for a few years. TASSONE used search terms including "young" and "teen."

          vi. TASSONE identified his bedroom as upstairs and to the right of the bathroom and stairwell.

          c. During the search, law enforcement seized the following items from TASSONE's bedroom at the Mamaroneck Address: a HP Pavillion laptop dv6000, Apple laptop, Samsung Galaxy S III smartphone, and a Scan Disk Extreme Plus 32 GB sim card.

    12. Based on my conversations with a law enforcement officer who conducted a forensic image of the HP Pavillion laptop dv6000 seized from the Mamaroneck Address, I have learned, among other things, that the HP Pavillion laptop dv6000 contains approximately 300 videos and images of child pornography. The HP Pavillion laptop dv6000 also contains two Word documents, "Resume 2012" and "Cover Letter 2012," both appearing to have been written by TASSONE.

WHEREFORE, the deponent respectfully requests that GIOVANNI TASSONE, the defendant, be imprisoned or bailed, as the case may be.

_____
MARTIN F. GRIFF
Special Agent
Homeland Security Investigations

Sworn to before me this
____ day of February, 2019

_____
THE HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York