

U.S. Department of Justice

*United States Attorney  
Southern District of New York*

*United States District Courthouse  
300 Quarropas Street  
White Plains, New York 10601*

January 14, 2022

**BY EMAIL**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:     United States v. Giovanni Tassone, 19-cr-910 (NSR)

Dear Judge Román:

The Government respectfully submits this letter in advance of sentencing in this matter, scheduled for January 21, 2021 at 12:00 p.m. As set forth in the plea agreement between the parties ("Plea Agreement"), the parties have stipulated to a Guidelines sentencing range of 78 to 97 months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth in this letter, the Government respectfully submits that a substantial sentence of incarceration below the Stipulated Guidelines Range is appropriate in this case and would be sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.

**A.  Offense Conduct**

Between July 31, 2018 and October 4, 2018, the Investigative Software located a computer using two particular IP addresses ("the IP Addresses") that were using the P2P network to make available files with hash values that match hash values known by law enforcement to be associated with files containing child pornography and with file names that contained certain words generally known to be associated with child pornography images and videos. PSR ¶ 13. Between July 4, 2018 and October 4, 2018 (the "Download Period"), the Investigative Software "direct connected" to the IP Addresses and displayed numerous files being hosted by the user of the IP Addresses. *Id.* Using the Investigative Software, HSI agents downloaded approximately 88 video files from the computer at the IP Addresses, including the following:

a) "[pthc] Compilation - Best Of 2000~2011 (HD_02h00m)opva 2014 pthc center hires lOy lly 12y 13y 14y Lolita preteen kids pedo cumshot anal.mp4" -The video depicts several pre-pubescent girls with an erect penis inserted in their vagina and anus. The video also depicts pre-pubescent girls with an erect penis inserted in their mouth.
b) "pthc - 2010 Tara 14Yr fuckd dad.mp4" – The video depicts a prepubescent girl with an erect penis in her mouth and an erect penis inserted in her vagina.

  c)  "(Kleuterkutje) (Pthc) Dad & 7Yo Daugther -Suck & Fuck In Webcam.mpg" - The video depicts a pre-pubescent girl with a male inserting his penis in her vagina and the male inserting his erect penis in the girl's mouth.

*Id.* Based on a review of Verizon records and the New York State Department of Motor Vehicles, GIOVANNI TASSONE was determined to be the user of the IP Addresses in question. ¶ 14. On December 12, 2018, law enforcement executed a search warrant at TASSONE's residence in Mamaroneck, NY. ¶ 15. TASSONE was home and reported the following:

  a)  TASSONE resides at the Mamaroneck Address with his brother.
  b)  The two brothers have separate internet services. TASSONE has a Verizon account for internet services and TASSONE's brother uses a Cablevision account.
  c)  No one has access to TASSONE's computers and his internet service is locked.
  d)  TASSONE has looked at child pornography through a P2P File-Sharing Network. TASSONE's definition of child pornography is someone under 17 years of age performing sexual acts.
  e)  TASSONE has looked at child pornography for a few years. TASSONE used search terms including "young" and "teen."
  f)  TASSONE identified his bedroom as upstairs and to the right of the bathroom and stairwell.

During the search, law enforcement seized electronic items from TASSONE's bedroom which contained videos and images of child pornography. ¶ 16. According to the case agent, 295 videos and 20 images were found on TASSONE's laptop. Additionally, agents uncovered over 700 pieces of "age-difficult" erotica, or files including adolescents who may or may not have been minors that do not meet the definition of child pornography. Agents determined that the majority of the materials depicted females. ¶ 17. According to the case agent, approximately 30 of the videos depicted children who were clearly infants and/or toddlers. ¶ 18.

   A report filed with the National Center for Missing and Exploited Children ("NCMEC") was requested and received by HSI. ¶ 20. NCMEC has determined that the defendant possessed seven image files and 78 video files depicting sexual activity of minors who were previously identified by law enforcement officials subsequent to unrelated investigations. *Id.* A synopsis of information derived as a result of these investigations is identified below. *Id.*

  a)  The "Blue Shirt Girl" series depicts images of a prepubescent girl who was sexually abused prior to computer technology or digital images, and whose pictures were distributed throughout the world and whose images remain on the Internet.
  b)  The "Cooldaddy" series of child pornography depicts the sexual abuse of two (2) minor females and two (2) minor males. The victims were between the ages of 6 and 11, and the perpetrator was either the natural father or stepfather of the victims. He forced the children to have sex between themselves and with him while being videotaped, and the children now suffer serious psychological problems.
  c)  A series of child pornography identified as "Dalmations" resulted from the sexual abuse of at least 12 young boys. The perpetrator directed the young boys to engage in sexual conduct with each other and photographed this activity.

d) The "Goddess on Green" series of child pornography depicts the sexual abuse of a minor female by her stepfather. A psychologist determined that as a result of the abuse, the victim has a distorted perception on the concepts of family as well as herself and her personality. She also developed Stockholm Syndrome, which is a psychological phenomenon in which victims express empathy and have positive feelings towards their offenders, sometimes to the point of defending them.

e) The "Jessica-Crist" series of child pornography depicts the sexual abuse of a minor female from the ages of 8 through 18. The perpetrator was a friend of the victim's mother and forced the victim to engage in vaginal, oral, and anal intercourse with him while being videotaped. When she refused, the perpetrator flogged her with her belt. He falsely promised her 6,000 euros per video. As a result of the abuse, the victim is now emotionally unstable and failed to graduate high school.

f) A series of child pornography identified as the "Laura-UK" series depicts images and videos of a female child who was abused over a period of time from 2001 until January 2007. Video clips depict the victim being anally raped and performing a variety of sex acts. The offender was arrested and pleaded guilty to rape and other offenses. He was sentenced to an indeterminate prison sentence, with a requirement that he must serve at least six (6) years in prison. The victim in this case had been significantly affected by her ordeal and has undergone therapeutic treatment during a number of different residential placements.

g) The "Lucy" series of child pornography is believed to have originated in the United Kingdom and depicts images and videos of a prepubescent female being abused from the middle of 1998 until September 1999. There is a video clip in circulation which depicts the victim being raped by the offender. The offender was subsequently arrested and pleaded guilty to rape in March 2000. He was sentenced to 12 years imprisonment.

h) The "Reiz" series of child pornography depicts approximately 14 hours of child pornographic video films. The victims ranged in age from 10 to 13. The perpetrator was sentenced by the regional court of Koblenz in Germany to 5 years and 4 months imprisonment after he and the victims were identified in 1992. Images from this series were first seen in 1998 and have been distributed over the internet.

i) The "Sweet Sugar" series of child pornography depicts the sexual abuse of seven (7) female children who were between the ages of 5 and 9. Three (3) of the children were the children of the perpetrator and the other four (4) minors were friends of the children who lived in the same apartment block. The abuse ranged from sexual touching of the genitals, to full vaginal intercourse and anal penetration of the 5-year-old daughter of the perpetrator. This child was sexually abused and videotaped on a daily basis for several years. The perpetrator took volumes of video and images of sexual intercourse with the youngest daughter, of himself ejaculating on the children while sleeping, mixing ejaculate into drinks for a child to drink, and series of sexual poses both in a room and in the tub. The conversation with the 5-year-old daughter was highly sexualized, and she also learned to act in an overtly sexual manner with her father, which was also recorded. The same child was moved to a different classroom in school as she was sexually aggressive with men.

j) A victim identified as "Vicky" was identified as a Washington State resident who had been sexually abused by her father between the ages of 10 and 12. The abuser is a former law enforcement officer. A psychological evaluation report is included in the victim impact statement by "Vicky" that is filed with the NCMEC. "Vicky" continues to suffer serious psychological injury that stems directly from the downloading and viewing of images

depicting her sexual abuse. The clinical psychologist who evaluated "Vicky" characterized the continued downloading of her abuse images as "a form of psychological acid drip" on her well-being. The victim has developed a hyper-vigilance that causes her to suspect that any person she may see or meet may have downloaded and derived prurient enjoyment from the images of her abuse.

¶¶ 21-30.

**B. The Plea Agreement**

On December 18, 2019, the defendant pleaded guilty pursuant to a plea agreement to a one-court information charging him with possessing images of child pornography, including images of prepubescent minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2. ¶¶ 1-2.

In the plea agreement, the parties agreed that the defendant's base offense level is 18 under U.S.S.G. § 2G2.2(a)(1); that a two-level increase applies under U.S.S.G. § 2G2.2(b)(2) because the defendant possessed material involving prepubescent minors and minors under the age of 12 years; that a four-level increase applies under U.S.S.G. § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct, or other depictions of violence; that a two-level increase applies under U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer; and that a five-level increase applies under U.S.S.G. § 2G2.2(b)(7)(D) because the defendant possessed more than 600 images. ¶ 4.

The parties also agreed that if the defendant clearly demonstrated acceptance of responsibility to the satisfaction of the Government, a two-level reduction would be warranted pursuant to U.S.S.G. § 3E1.1(a), and the Government would move at sentencing for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 28. *Id.*

As the defendant is in Criminal History Category is I, the Stipulated Guidelines Range is 78 to 97 months' imprisonment. *Id.* The defendant's fine range is $25,000 to $250,000 pursuant to U.S.S.G. § 5E1.2. *Id.*

**C. Presentence Investigation Report**

On April 20, 2018, the U.S. Probation Office ("Probation") issued the final PSR. Probation calculated the same Guidelines range as that set forth in the plea agreement and recommended a sentence of 24 months' imprisonment. PSR at 20-22. In support of its recommendation for a 24-month prison sentence, Probation cited that the defendant was not involved in the distribution of child pornography, nor was he involved in any hands-on sexual abuse of minors. In addition, according to the psychosexual evaluation, "Given the risk factors reviewed…community supervision and outpatient treatment appear to be appropriate interventions to manage Mr. Tassone's sexual recidivism risk. Mr. Tassone presents with low overall risk of recidivism. Additionally, the most salient risk factors in his case are dynamic and thus may be addressed through treatment. Moreover, given Mr. Tassone's history of compliance with community supervision, he likely will continue to comply with supervision and remain offense-free."

**D. Defendant's Sentencing Letter**

The defendant requested that the Court sentence him to time served and supervised release. The defendant's submission emphasized his history and characteristics, as well as the collateral consequences imposed on the defendant as a result of his crime.

**E. A Substantial Sentence of Incarceration Below the Stipulated Guidelines Range Is Warranted in the Defendant's Case**

**1. Applicable Law**

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez* v. *United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh* v. *United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in 18 U.S.C. § 3553(a)(2). To the extent a district court imposes a sentence outside the range recommended by the Guidelines, it must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 50).

**2. A Substantial Sentence of Incarceration Below the Stipulated Guidelines Range Would Be Just and Appropriate**

The Government respectfully submits that a substantial sentence of incarceration below the Stipulated Guidelines Range of 78 to 97 months' imprisonment would be a fair and appropriate sentence in this case. In particular, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and to provide just punishment, the need to promote respect for the law, and the need for adequate deterrence all justify such a sentence.

The defendant's offense is extraordinarily serious. He downloaded and possessed 295 videos and 20 images on his laptop, and approximately 30 of the videos depicted children who were clearly infants and/or toddlers. By collecting child pornography, the defendant chose to support a market for the sexual brutalization of children. Although there is no evidence that the defendant was a hands-on abuser, there was nothing indirect about the defendant's victimization of these children. The defendant amassed visual depictions of the torture, degradation, and suffering of numerous children, which he maintained on his personal computer. In doing so, the defendant continually violated these children's right to privacy and dignity and enabled others to do the same.

The Government acknowledges and is sympathetic to mitigating circumstances in this matter including that the defendant has no history of substance or alcohol abuse, has attended individual and group mental health counselling, complied with supervision, and readily admitted to his crimes.

The Government agrees with Probation that a substantial sentence of incarceration below the Stipulated Guidelines Range is needed to promote respect for the law, ensure just punishment, and reflect the seriousness of the defendant's offense.

**F. Conclusion**

For the reasons set forth above, the Government respectfully submits that a substantial sentence of incarceration below the Stipulated Guidelines Range is fair and appropriate in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Mathew Andrews
    Mathew Andrews
    Assistant United States Attorney
    (212) 637-6526