2019citasspcf

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

UNITED STATES OF AMERICA

              v.                    19 CR 910(LMS)(NSR)

                                         PLEA

GIOVANNI TASSONE,

              Defendant.

---------------------------------x


                                    United States Courthouse
                                    White Plains, N.Y.
                                    December 18, 2019




Before:  THE HONORABLE LISA MARGARET SMITH, Magistrate Judge




                       APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
MATHEW ANDREWS
     Assistant United States Attorney


FEDERAL DEFENDERS OF NEW YORK, INC.
     Attorneys for Defendant
JASON SER


*Proceeding recorded via digital recording device.
```

1    THE DEPUTY CLERK:  In the matter of the United States

2  of America v. Giovanni Tassone.

3    Counsel, please note your appearance for the record.

4    MR. ANDREWS:  Good morning, your Honor.  Mathew

5  Andrews for the government.

6    THE COURT:  Good morning, Mr. Andrews.

7    MR. SER:  Good morning, your Honor.  Jason Ser,

8  Federal Defenders, for Mr. Tassone.

9    THE COURT:  Good morning, Mr. Ser.

10    MR. SER:  Who is present on bond.

11    THE COURT:  Good morning, Mr. Ser.

12    MR. SER:  Good morning.

13    THE COURT:  Mr. Ser, am I correct that your client

14  has previously appeared on a complaint?

15    MR. SER:  Yes, your Honor.

16    THE COURT:  And that it is his desire to waive

17  indictment, consent to the filing of an information and,

18  depending on which district judge is selected, enter a plea?

19    MR. SER:  That is all correct, your Honor.

20    THE COURT:  All right.

21    Mr. Tassone, I want to advise you that this is not a

22  trial.  It is my understanding that you have decided to waive

23  indictment, consent to the filing of an information, and that

24  you may decide to enter a plea of guilty in this case.

25    This proceeding is a preliminary proceeding at which

1  you will be advised of certain of your rights and a district

2  judge will be selected to hear your case, after which you may

3  have the option of entering your plea before that district

4  judge or you may have the option of entering your plea before

5  me.

6        This proceeding is also for the purpose of ensuring

7  that you are aware of your rights in connection with that plea

8  and that any waiver of those rights is knowing and voluntary

9  prior to entering your plea of guilty, if you still decide to

10  do that.

11        During this proceeding, I will also ask you some

12  questions to make sure that you are competent to pleaed guilty,

13  and, by that, I mean that I need to determine whether you are

14  able to understand what is going on here today and that you are

15  not under the influence of any physical or mental or emotional

16  condition or affected by any controlled substance which may

17  impact upon your ability to understand what is going on.  Do

18  you understand that, sir?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  Mr. Tassone, if at any time you do not

21  hear or understand what I say to you, I want you to interrupt

22  me so that I can repeat and explain what I've said and so that

23  you can have an opportunity to consult with Mr. Ser to make

24  sure that you have heard and understood everything I've said

25  and everything I've asked you.  Do you understand that?

4

2019citasspcf

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  And will you do that?

3    THE DEFENDANT:  Yes, your Honor.

4    THE COURT:  You have an absolute right to be

5  represented by counsel at this and at every stage of the

6  proceedings against you, and you have the right to consult with

7  your attorney prior to answering any questions.  Do you

8  understand that?

9    THE DEFENDANT:  Yes, your Honor.

10    THE COURT:  For that reason, you should consult with

11  Mr. Ser before answering any further questions, including

12  questions that I'm going to ask you during this proceeding.  Do

13  you understand that?

14    THE DEFENDANT:  Yes, your Honor.

15    THE COURT:  If you were to become unsatisfied with

16  Mr. Ser's services, you would be entitled to apply to the Court

17  for a new attorney to represent you, and if the Court was still

18  satisfied that you could not afford to hire a lawyer and that

19  there was an appropriate reason to relieve your current lawyer,

20  a new lawyer would be appointed to represent you with no cost

21  to you.  Do you understand that?

22    THE DEFENDANT:  Yes, your Honor.

23    THE COURT:  Mr. Lynch, would you place the defendant

24  under oath or affirmation, please.

25    (Defendant Giovanni Tassone sworn)

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

1        THE COURT:  It is important for you to understand

2  that if you knowingly make a false statement during these

3  proceedings, you could be subject to prosecution for the crime

4  of perjury or for making a false statement to the Court, and

5  you could face a punishment of up to five years in prison and a

6  $250,000 fine for committing such a crime.  Such punishment

7  would be separate and apart and from any sentence you may be

8  facing on the crime charged in the felony information.  In

9  addition, any statement that you make during this proceeding

10  may be used against you for purposes of such a prosecution.  Do

11  you understand that?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  What's your full name, sir?

14        THE DEFENDANT:  Giovanni Tassone.

15        THE COURT:  How old are you.

16        THE DEFENDANT:  Forty-eight.

17        THE COURT:  Do you read, write, speak and understand

18  the English language?

19        THE DEFENDANT:  Yes.

20        THE COURT:  How far did you go in school?

21        THE DEFENDANT:  High school.

22        THE COURT:  Have you been treated within the last

23  three months for any mental illness or for addiction to drugs

24  or to alcohol?

25        THE DEFENDANT:  No, your Honor.

1          THE COURT:  Have you, either today or at any other

2     time in your life, taken or used any drugs, marijuana, alcohol,

3     medication or any other substance which currently affects your

4     ability to think or to understand these proceedings that are

5     going on here today?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Mr. Ser, have you discussed this matter

8     fully with Mr. Tassone?

9          THE DEFENDANT:  I have, your Honor.

10          THE COURT:  And are you satisfied that he is fully

11     capable of understanding and participating in this proceeding?

12          THE DEFENDANT:  I am.

13          THE COURT:  Mr. Andrews, do you have any doubt that

14     the defendant is competent to participate in this proceeding?

15          MR. ANDREWS:  No, your Honor.

16          THE COURT:  I'm satisfied, on the basis of these

17     representations and also my observations of the defendant, that

18     this defendant is fully competent to understand and participate

19     in this proceeding.

20          Mr. Tassone, you are charged under this felony

21     information with one count of possession of child pornography.

22     Have you read this felony information?

23          THE DEFENDANT:  Yes, I have, your Honor.

24          THE COURT:  Mr. Lynch, would you arraign the

25     defendant on the waiver of indictment, please.

1          THE DEPUTY CLERK:  Mr. Tassone, have you signed this

2    waiver of indictment?

3          THE DEFENDANT:  Yes.

4          THE DEPUTY CLERK:  Have you signed it voluntarily?

5          THE DEFENDANT:  Yes.

6          THE DEPUTY CLERK:  Before signing this waiver, did

7    you discuss it with your attorney?

8          THE DEFENDANT:  Yes.

9          THE DEPUTY CLERK:  Did your attorney explain this

10   waiver to you?

11         THE DEFENDANT:  Yes.

12         THE DEPUTY CLERK:  Do you understand that you are

13   under no obligation to waive indictment?

14         THE DEFENDANT:  Yes.

15         THE DEPUTY CLERK:  Do you understand that if you

16   don't waive indictment and the government wants to prosecute

17   you, they will have to present your case to a grand jury, which

18   may or may not indict you?

19         THE DEFENDANT:  Yes.

20         THE DEPUTY CLERK:  Do you understand what a grand

21   jury is?

22         THE DEFENDANT:  Yes.

23         THE DEPUTY CLERK:  Have you seen a copy of the felony

24   information?

25         THE DEFENDANT:  Yes.

2019citasspcf

1          THE DEPUTY CLERK:  Do you waive its public reading?

2          THE DEFENDANT:  I agree, yes.

3          THE COURT:  The waiver of indictment is accepted and

4   it's marked as Court Exhibit 1 for purposes of today's

5   proceeding.

6          Mr. Ser, for purposes of this preliminary proceeding,

7   how does your client plead?

8          MR. SER:  Not guilty, your Honor.

9          THE COURT:  A not guilty plea is entered.

10          Before a district judge is selected, is there any

11   issue with regard to bail?

12          MR. ANDREWS:  No, your Honor.

13          THE COURT:  Bail will be continued.

14          It is a Wheel A case.  May I have a card, please,

15   Mr. Lynch.

16          (Pause)

17          MR. SER:  It's funny.  Clients don't believe when I

18   tell them we're spinning a wheel to pull a judge.

19          THE COURT:  It's like bingo.

20          The matter is assigned to Judge Román.

21          Judge Román does have a standing order which allows a

22   guilty plea to be entered before the available magistrate judge

23   on consent of the parties.

24          Mr. Ser, is it your client's wish to proceed before

25   me?

1          MR. SER:  Please, your Honor.

2          THE COURT:  Mr. Tassone, this proceeding is referred

3     to as a plea allocution.  I want you to understand that you

4     have the absolute right to have this plea allocution conducted

5     before a United States District Judge.  It is the district

6     judge -- in this case, Judge Román -- who will impose sentence

7     in your case.

8          If you consent and if you agree, then I will conduct

9     the plea allocution and I will then make a report to Judge

10    Román in which I will recommend whether or not he should accept

11    your plea of guilty.  I will make that recommendation based on

12    the information that is brought out during today's proceedings.

13         It is important for you to understand that the Court

14    will not accept your plea unless the Court is satisfied that

15    you fully understand all of your rights and that you are, in

16    fact, guilty.  Do you understand that?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Do you understand that you have an

19    absolute right to have this plea allocution conducted before a

20    United States District Judge?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you agree and is it your wish that I

23    should conduct the plea allocution?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Mr. Lynch, would you have the defendant

2019citasspcf

1    identify his signature on the consent form, please.

2             THE DEPUTY CLERK:  Mr. Tassone, I'm showing you a

3    consent form.  Is this your signature affixed to the document?

4             THE DEFENDANT:  Yes, it is.

5             THE DEPUTY CLERK:  Have you read this document and

6    discussed it with your attorney?

7             THE DEFENDANT:  Yes.

8             THE COURT:  Did anyone threaten you or coerce you or

9    promise you anything in order to get you to sign the consent

10   form?

11            THE DEFENDANT:  No, your Honor.

12            THE COURT:  Did you sign the form freely and

13   voluntarily?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  Mr. Ser, do you know of any reason why

16   the waiver and consent to proceed with a felony plea allocution

17   before a United States Magistrate Judge should not be accepted?

18            MR. SER:  No, your Honor.

19            THE COURT:  I find that Giovanni Tassone is fully

20   competent and capable of waiving his right to appear before a

21   United States District Judge in order to enter his plea of

22   guilty.  I, therefore, accept the consent form, which I have

23   signed and which will remain a part of the Court's record as

24   Court Exhibit 2 for today's date.

25            Do you understand, sir, that your right to be

1    represented by an attorney continues through every stage of the

2    proceedings, including trial and appeal, and that you have this

3    right whether or not you choose to plead guilty to this

4    offense?  Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Have you had sufficient opportunity to

7    consult with Mr. Ser about your case and especially about your

8    decision to plea of guilty?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Are you satisfied with the services which

11   Mr. Ser has provided to you?

12             THE DEFENDANT:  Very, your Honor.  Thank you.

13             THE COURT:  Have you told him everything you know

14   about this case?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  I have before me a copy of a plea

17   agreement dated December 18, 2019.  The original plea agreement

18   is to be marked as Government Exhibit 1 and will remain in the

19   custody of government's counsel.

20             Mr. Lynch, would you have the defendant identify his

21   signature on the last page of the original plea agreement,

22   please.

23             THE DEPUTY CLERK:  Mr. Tassone, I'm showing you this

24   plea agreement.  Is this your signature affixed to the plea

25   agreement?

1          THE DEFENDANT:  Yes, it is.

2          THE DEPUTY CLERK:  Have you read this document and

3     discussed it with your attorney?

4          THE DEFENDANT:  Yes, I have.

5          THE COURT:  Mr. Ser, did you review each and every

6     part of the plea agreement with Mr. Tassone?

7          MR. SER:  Yes, your Honor.

8          THE COURT:  Mr. Tassone, are you satisfied that you

9     understand the entire plea agreement which Mr. Ser has reviewed

10    with you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you have any questions either for

13    Mr. Ser or for me about what this plea agreement says?

14         THE DEFENDANT:  No, your Honor.

15         THE COURT:  Does the plea agreement contain the

16    complete understanding between you and the government in

17    connection with this case?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that anything which is

20    not set forth in the written plea agreement or which is not

21    told to me at this time, on the record, will not be binding on

22    the outcome of your case?  Do you understand that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Mr. Andrews, is there anything beyond the

25    written plea agreement that the Court should be aware of?

1        MR. ANDREWS:  No, your Honor.

2        THE COURT:  Mr. Ser, is there any other agreement or

3  understanding that the Court should know about?

4        MR. SER:  No, your Honor.

5        THE COURT:  Mr. Tassone, did you sign the plea

6  agreement freely and voluntarily?

7        THE DEFENDANT:  Yes, I did, your Honor.

8        THE COURT:  Did anyone force you or coerce you or

9  threaten you or promise you anything, other than what is set

10  forth in the written plea agreement, in order to induce you to

11  sign that agreement?

12        THE DEFENDANT:  No, your Honor.

13        THE COURT:  Mr. Tassone, if you were convicted of the

14  charge which is contained in this felony information either

15  after trial or by plea of guilty, you would be subject to a

16  maximum term of imprisonment of twenty years, a mandatory

17  minimum term of supervised release of five years and a maximum

18  term of supervised release of life, a maximum fine of the

19  greatest of $250,000 or twice the gross gain or twice the gross

20  loss resulting from the offense, a mandatory $100 special

21  assessment, plus an additional assessment of $5,000.

22        If you are sentenced to a term of imprisonment, even

23  if you are sentenced to the maximum term of imprisonment, and

24  if you are also sentenced to a term of supervised release, if

25  you then violate the conditions of supervised release, you

2019citasspcf

1  could be sentenced to an additional term of up to two years for

2  violating the conditions of your supervised release.  In

3  addition, if you violate the conditions of supervised release,

4  you would not receive credit for any time already served in

5  prison or for time served on supervised release.

6      You are also subject to the possibility of an order

7  of forfeiture or restitution, and the Court must order

8  restitution in accordance with Title 18, United States Code,

9  Sections 2259, 3663 and 3663(A).

10     Mr. Andrews, do we have a maximum amount of

11  restitution or has it not been calculated?

12     MR. ANDREWS:  It has not been calculated yet, your

13  Honor.

14     THE COURT:  And is there any possible forfeiture

15  here?

16     MR. ANDREWS:  I don't believe so, your Honor.

17     THE COURT:  All right.

18     Do you understand, Mr. Tassone, that these are the

19  possible sentences that could be imposed following your plea of

20  guilty in this matter?

21     THE DEFENDANT:  Yes, your Honor.

22     THE COURT:  I'm also required to advise you that if

23  you are not a United States citizen or if you are a naturalized

24  citizen, a finding that you are guilty of a felony offense may

25  have a negative impact upon your immigration status and upon

1  any application you may have made in the past or which you may

2  make in the future for permission to remain in the United

3  States or to become a United States citizen.  You also may be

4  subject to an order of deportation as a result of this guilty

5  plea if you are not a United States citizen or if you are a

6  naturalized citizen and there was some flaw in your

7  naturalization process.  Under certain circumstances,

8  deportation may be mandatory.  Additionally, if you are

9  deported, you may be prohibited from reentering the United

10  States permanently unless you are able to get permission to

11  reenter from the Attorney General of the United States or from

12  the Secretary of Homeland Security.  Do you understand that,

13  sir?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Have you discussed the potential

16  immigration consequences fully with your attorney?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Do you understand that you are pleading

19  guilty to a felony offense and that such an adjudication may

20  deprive you of certain valuable civil rights, which may include

21  the right to vote; the right to hold public office; the right

22  to serve on a jury; the right to possess any type of firearm,

23  including rifles and shotguns; the right to be considered for

24  certain types of employment or to be bonded or to serve in the

25  United States Military; and the right to possess or obtain

1  certain government-issued licenses, including licenses that may

2  be required in certain professions and occupations?  Do you

3  understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that, as a result of

6  your guilty plea to this offense, you would be required to

7  register under the Sex Officer Registration and Notification

8  Act and that you would then be required to update that

9  registration for the rest of your life whenever you have a

10  change in circumstances, including a change of name, residence,

11  employment or status as a student, and that such an updating of

12  your registration would be required to occur within three days

13  of any such change?  Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Mr. Andrews, do you know whether a guilty

16  plea to this offense also falls under the Adam Walsh Child

17  Protection and Safety Act?

18          MR. ANDREWS:  I do not know, your Honor, but I could

19  find out.

20          THE COURT:  Mr. Ser, any idea?

21          MR. SER:  It does, your Honor, so the advisement I

22  think would be appropriate.

23          THE COURT:  All right.

24          You should understand that, as a result of your

25  guilty plea to this offense, you may face the possibility of

2019citasspcf

civil commitment under the Adam Walsh Child Protection and

Safety Act following the completion of any term of imprisonment

that you may serve.  That Act permits the Attorney General of

the United States or the Director of the Bureau of Prisons to

certify that a prisoner approaching the end of a term of

incarceration may qualify as a sexually dangerous person as

defined by the Adam Walsh Act.  A hearing would then be held at

which the government would be required to demonstrate by clear

and convincing evidence that the inmate is a sexually dangerous

person as defined by the Adam Walsh Act, and if the Court

agrees that the evidence has, in fact, established this, then

the inmate will be committed to custody for a further period of

time until the Court determines that the inmate is no longer

sexually dangerous.  Do you understand that, sir?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Have you discussed this consequence with

Mr. Ser?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Do you understand, Mr. Tassone, that

these are the possible legal consequences of entering a guilty

plea in this case?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Do you understand that the United States

Sentencing Commission has issued guidelines for judges to

follow in determining the appropriate sentence in a criminal

1    case?  Do you understand that?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  Do you also understand that these

4    guidelines are not mandatory, but they must be considered by

5    the court along with other factors which are listed at Title

6    18, United States Code, Section 3553 and the judge must

7    consider all of these things when the judge determines the

8    appropriate sentence to impose, including whether to grant

9    departures from the guidelines, both upward departures and

10   downward departures?  Do you understand that?

11                   THE DEFENDANT:  Yes, your Honor.

12                   THE COURT:  Have you and Mr. Ser talked about how the

13   sentencing guidelines would be calculated in your case?

14                   THE DEFENDANT:  Yes, your Honor.

15                   THE COURT:  The plea agreement in this case sets

16   forth a stipulated sentencing range of 78 to 97 months in

17   prison and a stipulated fine range of $25,000 to $250,000.  Do

18   you understand that this is simply an understanding, an

19   agreement, between you and your attorney and the attorney for

20   the government and that these figures are not binding on the

21   district judge when he imposes sentence?  Do you understand

22   that?

23                   THE DEFENDANT:  Yes, your Honor.

24                   THE COURT:  Do you understand that the district judge

25   will consider the guidelines, but that he will impose a

2019citasspcf

1   sentence in accordance with the statute, which, in this case,

2   means that the prison term will be not more than twenty years?

3   Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you understand that the Court will not

6   be able to determine the appropriate sentence for your case

7   until after a presentence report has been prepared and until

8   you and your attorney as well as the government have had an

9   opportunity to challenge the facts that are reported in the

10  presentence report as well as the calculation of the sentencing

11  guideline range and any sentencing recommendation in that

12  report?  Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Do you also understand that if there are

15  any objections to the presentence report, that those objections

16  will be ruled on by the Court and, if necessary, a hearing will

17  be held to determine what information is relevant to the

18  Court's determination of the sentence?  Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you also understand that, pursuant to

21  the plea agreement, you have agreed that you will not file any

22  direct appeal or any collateral challenge to any sentence which

23  is within or below the stipulated guidelines range of 78 to 97

24  months in prison and that the government has, likewise, agreed

25  that it will not appeal any sentence that is within or above

1  that stipulated guidelines range?  Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Do you also understand that you have

4  agreed not to appeal any term of supervised release that is

5  less than or equal to the statutory maximum of three years?

6  You have also agreed not to appeal any fine that is less than

7  or equal to $250,000 and the government has agreed not to

8  appeal any fine that is greater than or equal to $25,000.  Do

9  you understand that?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Do you understand that one effect of this

12  plea agreement is that you are giving up certain rights that

13  you might have had to appeal or otherwise attack the sentence

14  imposed by the court, although you do retain certain rights to

15  assert a claim of ineffective assistance of counsel?

16         Despite retaining those rights, you also waive the

17  right to make certain claims, such as any claim of ineffective

18  assistance of counsel relating to counsel's effectiveness

19  during the sentencing proceeding.  Do you understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that if you disagree

22  with the sentencing decision that is reached by the court, that

23  will not give you a basis to withdraw your plea of guilty?  Do

24  you understand that?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you understand that parole has been

2    abolished and if you are sentenced to a prison term, you will

3    not be eligible for early release on parole?  Do you understand

4    that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Even though you would not be eligible for

7    parole, you may, if you are sentenced to a term of

8    imprisonment, be eligible to earn credit for good behavior, but

9    even if you were to succeed in earning credit for good

10   behavior, you would be required to serve at least 85 percent of

11   any prison term before you may be eligible for release.  Do you

12   understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand, sir, that you do not

15   have to plead guilty and you have an absolute right to plead

16   not guilty and to have the matter go to trial by judge or by

17   jury?  Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that if you choose to

20   plead not guilty, you are entitled to have a speedy and public

21   trial of your case?  Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Do you understand that, at any trial of

24   this matter, you would be entitled to the presumption of

25   innocence and that the presumption would remain with you until

2019citasspcf

the government proves each and every element of the crime

charged against you beyond a reasonable doubt to the

satisfaction of the judge if it is a judge trial or to the

unanimous satisfaction of the jury if it is a jury trial?  Do

you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At such a trial, you would have the

right, with the assistance of your attorney, to confront and

cross-examine the witnesses against you.  You would have the

right to call witnesses to testify for you and to have

subpoenas issued to compel witnesses to give testimony and to

produce evidence.  You would also have the right to testify at

your trial, but you could not be forced to testify.  If you

decided not to testify, your decision to remain silent could

not be held against you in any way.

At your trial, you would also have the right I have

spoken of to the assistance of an attorney and to have an

attorney to represent you without fee if you could not afford

counsel.

Additionally, if you were convicted of any charge at

a trial, you would have the right to appeal or otherwise attack

the verdict.

Do you understand, Mr. Tassone, that if you plead

guilty to the charge set forth in this felony information, that

you would give up your right to a trial and, except for the

1    right to counsel, which you retain, you would give up all the

2    other rights which I have explained to you here?  Do you

3    understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Mr. Tassone, have you clearly heard and

6    understood everything I have said to you?

7              THE DEFENDANT:  Yes, I have, your Honor.

8              THE COURT:  Have you understood each of rights that I

9    have asked you about?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you have any questions either for me

12   or for Mr. Ser about anything I've said or about anything I've

13   asked you?

14             THE DEFENDANT:  No, your Honor.

15             THE COURT:  You may be seated briefly.

16             Mr. Andrews, what are the elements of the offense and

17   what is the government prepared to prove at trial in order to

18   establish those elements?

19             MR. ANDREWS:  The defendant is charged in Count One

20   of the information with possession of child pornography, in

21   violation of 18, United States Code, 2252(a)(5)(B).

22             In order to prove the defendant guilty of the offense

23   to which he is pleading, the government will have to prove each

24   of the following elements beyond a reasonable doubt:

25             First, that the defendant knowingly possessed a book,

2019citasspcf

magazine, periodical, film, videotape, computer disk or any

other media of material containing child pornography; second,

that the photographs contained at least one image of child

pornography; third, that the defendant knew that the

photographs contained at least one image of child pornography;

and, fourth, that the image of child pornography was mailed,

shipped or transported using any means or facility of

interstate or foreign commerce, including by computer.

The government also would be required to demonstrate

by a preponderance of the evidence that venue is proper in the

Southern District of New York.

The government's proof at trial would include, among

other things, images of child pornography recovered during a

search of the defendant's computer; the defendant's postarrest

statement admitting that he knowingly possessed child

pornography on his computer and that he downloaded the child

pornography from the internet; and evidence that the computer

at issue was located in the defendant's residence in Orange

County, New York.

To clarify, it's Westchester, your Honor.

THE COURT:  Westchester County.

MR. ANDREWS:  Yes.

THE COURT:  Mr. Tassone, did you hear and understand

what the Assistant United States Attorney said?

THE DEFENDANT:  Yes, your Honor.

1      THE COURT:  Do you understand the elements of the

2  offense to which you are offering a guilty plea?

3      THE DEFENDANT:  Yes, your Honor.

4      THE COURT:  At this time, how do you wish to plead to

5  the charge of possession of child pornography as set forth in

6  the felony information?

7      THE DEFENDANT:  Guilty, your Honor.

8      THE COURT:  Has anyone threatened you or coerced you

9  or pressured you improperly in order to get you to plead guilty

10  to this charge?

11      THE DEFENDANT:  No, your Honor.

12      THE COURT:  Has anyone made any promises to you,

13  other than what is set forth in the plea agreement, in order to

14  induce you to plead guilty?

15      THE DEFENDANT:  No, your Honor.

16      THE COURT:  Has anyone made any specific promise to

17  you about what the sentence of the court will be?

18      THE DEFENDANT:  No, your Honor.

19      THE COURT:  Mr. Tassone, tell me what you did to

20  commit this crime.

21      THE DEFENDANT:  From in or about July 2018 up to and

22  including on or about August 4, 2018, in Mamaroneck, New York,

23  which is in the Southern District of New York, I knowingly

24  possessed images and videos of minors under the age of 18,

25  which I obtained via the internet.  Those images and videos

1    depicted the minors in sexually explicit conduct.  I knew what

2    I was doing was illegal.  I acted intentionally, your Honor.

3             THE COURT:  Mr. Ser, you concede that the internet --

4    your client mentioned downloading from the internet, that that

5    constitutes interstate commerce?

6             MR. SER:  Yes, your Honor.

7             THE COURT:  Thank you.

8             Mr. Andrews, there is an allegation in the

9    information that the images included images of prepubescent

10   children, prepubescent minors.  Is it necessary that the

11   defendant allocute to that?

12            MR. ANDREWS:  I don't believe so for purposes of the

13   statute, your Honor.

14            THE COURT:  All right.  Thank you.

15            Mr. Tassone, did you commit these acts knowingly and

16   willfully?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Did you know it was against the law to do

19   what you were doing?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Is there anything else which either

22   counsel believes the Court needs to elicit from the defendant

23   before making the recommendation contemplated by Rule 11 of the

24   Federal Rules of Criminal Procedure?

25            Mr. Andrews?

1          MR. ANDREWS:  No, your Honor.

2          THE COURT:  Mr. Ser?

3          MR. SER:  No, your Honor.

4          THE COURT:  Mr. Ser, do you know of any reason why

5     the Court should not recommend acceptance of your client's plea

6     of guilty?

7          MR. SER:  No, your Honor.

8          THE COURT:  Mr. Andrews, is there any reason why the

9     Court should not recommend acceptance of the plea?

10          MR. ANDREWS:  No, your Honor.

11          THE COURT:  Mr. Tassone, in light of everything that

12     has been said here today, including a statement of the charge

13     against you, the possible penalties you face and the rights you

14     are giving up, is it still your wish to plead guilty to the

15     charge set forth in the pending felony information?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Upon this allocution, I find that the

18     defendant, Giovanni Tassone, is fully competent and capable of

19     entering an informed plea, the plea is knowing and voluntary

20     and is supported by an independent factual basis for each and

21     every element of the crime charged.  Accordingly, I

22     respectfully report and recommend to Judge Román that the plea

23     should be accepted and that the defendant should be adjudged

24     guilty of the offense charged in the felony information.

25          I direct that a presentence report be conducted by

2019citasspcf

1    the Department of Probation.

2            Mr. Tassone, after this proceeding, you are to go to

3    the Department of Probation on the ground floor of this

4    building, and Mr. Ser will accompany you.  Either today or on

5    some other day that will be scheduled, you will be interviewed

6    by a representative of the Department of Probation.  I'm sure

7    that Mr. Ser will assist you in connection with that interview

8    and you are absolutely entitled to have him present during the

9    interview if you wish.  You must be fully honest and truthful

10   during that interview because if it comes to the Court's

11   attention that you have provided false, incomplete or

12   misleading information, that may be held against you at the

13   time of sentencing.  Do you understand that, sir?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Just a reminder, Mr. Ser, the interview

16   with Probation is to be scheduled to occur within the next 14

17   days, although we do have two federal holidays and I believe

18   two additional days that the Court is closed, so I'm sure that

19   a few extra days won't do damage to the schedule.

20           And, Mr. Andrews, likewise, the prosecution case

21   summary for purposes of the presentence report is supposed to

22   be delivered to Probation no later than 14 days from today.

23           My suggestion as to both of those deadlines is that

24   you make sure it's accomplished by January 3rd, which is the

25   Friday after New Year's Day.  I think that's fair.

2019citasspcf

1          I further direct the Clerk of the Court to provide a

2     transcript of these proceedings setting forth my report and

3     recommendation to Judge Román.  The transcript is to come to me

4     for review.

5          Bail is continued.

6          The matter is adjourned for sentencing Friday, March

7     20th, 2020 at 10:00 a.m.  Counsel should contact Judge Román's

8     chambers in advance of that date to confirm the date and time

9     of sentencing.

10          Is there anything further?

11          Mr. Andrews?

12          MR. ANDREWS:  No, your Honor.

13          THE COURT:  Mr. Ser?

14          MR. SER:  No, your Honor.

15          THE COURT:  Thank you very much.  We are adjourned.

16

17                         ----

18

19

20

21

22

23

24

25